JACOB H. KLEIN ET AL., PARTNERS, ETC., RESPONDENTS, v. CHARLES F. KRAEMER, APPELLANT.

Submitted March 20, 1924—Decided June 18, 1924.

1. Under a contract between the owner of real estate and a broker, by the terms of which the owner agrees to pay the broker a commission in case the latter procures a buyer who will enter into a binding contract for the purchase of the real estate, the broker does not become entitled to the commission by producing an intending buyer who enters into a conditional contract of purchase with the owner, but who afterward refuses to take title because of the failure of the condition provided in the contract.

2. A contract between two real estate brokers, by the terms of which one of them agrees, for an adequate consideration, to divide with the other the commission which he shall earn by bringing about a sale of real estate, placed with him for that purpose by the owner, does not become enforceable against him unless and until the owner has actually paid the commission or his obligation to do so has become fixed.

---

On appeal from the Essex County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Jacob L. Newman.*

For the respondents, *Harry Levin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought by the plaintiffs to recover from the defendant fifty per cent. of a real estate broker's commission, alleged to have been earned by the latter and amounting to $10,000. The allegation of the complaint was that one-half of this commission was payable by the defendant to the plaintiffs, under a contract between them, which had been executed for a valuable consideration moving from the plaintiffs. The basis of the plaintiffs' claim was the alleged breach of this contract. The trial resulted in a verdict for the plaintiffs, their damages being assessed at $5,000.

The situation leading up to the making of the contract between the parties was as follows: A corporation known as the Klaxon Company, being desirous of selling its plant, located in the city of Newark, employed the defendant, a real estate broker of that city, to procure a purchaser therefor. The contract of employment was in writing, and contained, among other matters, the following provision: "In case you procure a purchaser for the said property, or if the same is sold by you * * * we promise and agree to pay you for your services a commission of five per cent. of the purchase price for which the said plant and property is sold. Such a commission, however, to be so paid only upon the execution of a formal and binding contract or agreement of sale between ourselves and the purchaser of said plant and property." The plaintiffs, who were real estate agents located in Jersey City, having learned of the defendant's employment, advised him that they had a possible purchaser for the property, and, after some discussion, the defendant agreed in writing that, if the plaintiffs would turn over to him their client, and give him (defendant) full charge of the negotiations between that client and the Klaxon Company, he would split the commission with them, in conformity with a previous arrangement. This previous arrangement, admittedly, was verbal, and, according to the testimony of Mr. Klein, one of the plaintiffs, was that the defendant "would divide fifty-fifty commissions earned on the deal." Pursuant to

this agreement between the parties to the suit, the defendant brought about a meeting between the plaintiffs' client, a corporation known as Wallace & Tiernan Company, and the Klaxon Company, with the result that these two corporations entered into a contract in writing for the sale and purchase of the property, the vendee being obligated thereby to pay an agreed purchase price, to wit, $200,000, and accept a deed from the vendor, upon the condition that the Fidelity Trust Company, of Newark, would insure the vendor's title as a good and marketable one. This contract further provided, in the event that the title to the property was not such as the Fidelity Trust Company would insure, "this contract is to be null and void and canceled, and the vendor is to return to the vendee all sums of money received on account of the purchase price." The trust company, having thereafter been applied to by the parties to the contract to insure the title, refused to do so, and thereupon the contract was called off by mutual agreement of the parties to it, and the deposit made by the intending vendee upon the purchase price was returned to it.

It is apparent from the above recitals extracted from the agreement of sale between the Klaxon Company and the Wallace & Tiernan Company, and that between the former corporation and the defendant, that the latter had no legal claim against the Klaxon Company to be paid a commission for his services in bringing about the negotiations between the two corporations, for no commission was to be paid to him unless and until a formal and binding contract or agreement of sale should be entered into between the parties; and the contract actually entered into between them having in it a condition which failed, could not have been enforced by the Klaxon Company against the Wallace & Tiernan Company either at law or in equity. The facts above set forth were not, any of them, in controversy, and to us it seems clear that the defendant would have been entitled on those facts to a directed verdict in his favor, if the case had rested there, for the limit of his agreement was to divide with the plaintiffs commissions "earned on the deal."

But it appeared from other testimony taken at the trial that, notwithstanding the fact that the Klaxon Company was under no obligation to pay a commission to the defendant, it, nevertheless, did pay him the sum of $5,000 after the contract for the sale of the property had fallen through; and whether that payment was in compromise of the defendant's claim for commission, or whether it was paid upon another and unrelated account, was a disputed question between the parties, the evidence bearing upon that question making it one for the determination of the jury. This being the situation at the close of the case, the defendant requested the trial judge to instruct the jury that, if the latter found that this $5,000 was paid him as a commission, then, as it was the only payment of commission made by the Klaxon Company on account of the transaction involved in this litigation, the limit of the plaintiffs' recovery should be one-half of that amount, namely, $2,500, with interest. The trial judge refused to charge this request, and, on the contrary, instructed the jury that, if they should find an agreement between the parties whereby the plaintiffs were to get fifty per cent. of the commissions when the defendant effected the sale, and the agreement of sale was executed between the vendor and the vendee, then the plaintiffs were entitled to a verdict of $5,000, being one-half of the five per cent. commission on the purchase price set out in the contract between the Klaxon Company and the Wallace & Tiernan Company. In our opinion, there was error in the refusal to charge the request submitted and in the instruction actually delivered, and for the reasons which we have already indicated.

The conclusion reached by us, therefore, is that the judgment under review should be reversed.